

*Judge Sweet*

'08 CIV 3612

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITILINE HOLDINGS, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISTAR FINANCIAL INC., JAY SUGARMAN, JAY S. NYDICK and CATHERINE D. RICE,<br><br>Defendants. | CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to plaintiff and plaintiff's counsel, based upon the investigation undertaken by plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about iStar Financial Inc. ("iStar" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons, other than defendants, who purchased the common stock of iStar in the Company's secondary public offering on or about December 13, 2007 (the "Secondary Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

### JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and iStar maintains its executive offices in this District.

5.      In connection with the acts and conduct alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the New York Stock Exchange ("NYSE").

## PARTIES

6. Plaintiff Citiline Holdings, Inc. purchased iStar common stock, as set forth in the certification attached hereto and incorporated herein by reference, in the Secondary Offering and was damaged thereby.

7. Defendant iStar operates as a finance company focusing on the commercial real estate industry.

8. Defendant Jay Sugarman ("Sugarman") served as the Company's Chief Executive Officer, Chairman of the Board of Directors and member of the Investment Committee at all times relevant to this action. Sugarman signed the Registration Statement, as defined herein.

9. Defendant Jay S. Nydick ("Nydick") served as the President at all times relevant to this action. Nydick signed the Registration Statement.

10. Defendant Catherine D. Rice ("Rice") served as the Chief Financial Officer and Principal Accounting Officer at all times relevant to this action. Rice signed the Registration Statement

11. Defendants Sugarman, Nydick and Rice are referred to herein as the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than defendants who purchased the common stock of iStar in the Secondary Offering. Excluded from the Class are defendants herein, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

13. The members of the Class are so numerous that joinder of all members is impracticable. iStar sold more than 8 million shares of common stock in the Secondary Offering. The precise number of Class members is unknown to plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of iStar or its transfer agent or the underwriters to the Secondary Offering. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

14. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

15. Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff's and all the Class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

17. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by defendants' acts as alleged herein;

(b) whether the prospectus and registration statement issued by defendants to the investing public in connection with the Secondary Offering negligently omitted and/or misrepresented material facts about iStar and its business; and

(c) the extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

18. Defendant iStar operates as a finance company focusing on the commercial real estate industry.

19. On or about October 9, 2007, iStar filed a Form S-3 Shelf Registration Statement with the Securities and Exchange Commission ("SEC").

20. On or about December 13, 2007, iStar filed a Prospectus supplement to the Shelf Registration Statement (the "Registration Statement") with respect to the Secondary Offering, which forms part of the Registration Statement, became effective and more than 8 million shares of iStar common stock at $28.41 per share were sold to the public, thereby raising more than $227 million.

21. The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made therein not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

22. Specifically, the Registration Statement failed to disclose that at the time of the Secondary Offering the Company was failing to recognize more than $200 million of losses on its corporate loan and debt portfolio.

23. iStar filed the Registration Statement on Form S-3 which is a stream-lined registration statement for certain well-capitalized, widely followed issuers. Such issuers are permitted to file scaled down registration statements and incorporate by reference their prior periodic filings – *e.g.*, Forms 10-K and 10-Q. Pursuant to Instruction 11(a) of Form S-3, an issuer utilizing Form S-3 must disclose any and all material changes in the registrant's affairs which have occurred since the end of the latest fiscal year for which certified financial statements were included in the latest annual report to shareholders and which have not been described in a report on Form 10-Q or Form 8-K filed under the Securities Exchange Act of 1934. Accordingly, an issuer utilizing Form S-3 is required to update the information in its periodic filings including information concerning "known trends and uncertainties" with respect to "net sales or revenues or income from continuing operations" which is required to be disclosed in SEC periodic filings pursuant to Item 303(a) of Regulation S-K. Under Item 303(a) an issuer is required to "describe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations."

24. Here, the Registration Statement negligently failed to disclose that the Company was then being negatively impacted by the adverse conditions in the credit markets and was failing to recognize more than $200 million of losses on its corporate loan and debt portfolio. iStar was experiencing these problems at the time of the Secondary Offering and these problems were negatively impacting the Company's continuing operations at the time of the Secondary Offering. Accordingly, these factors constituted "material changes" to the Company's continuing operations

which were required to be disclosed pursuant to Instruction 11(a). This "material change" was not disclosed in the SEC filings that the Company incorporated by reference in the Registration Statement and, therefore, the Registration Statement omitted to state material facts required to be stated therein.

25. The Registration Statement incorporated by reference the "Risk Factors" set forth in iStar's prior SEC filings. None of these so-called risk disclosures were meaningful or advised investors in the Secondary Offering of the problems in the Company's corporate loan and debt portfolio then impacting the Company's operations as they characterized any impairment and credit issues as prospective when, in fact, the Company was then being negatively impacted by the problems.

26. On February 28, 2008, iStar issued a press release announcing its financial results for the fourth quarter of 2007 and fiscal year 2007, the period ending December 31, 2007. For the fourth quarter, the Company reported a loss of ($78.7 million) or ($0.62) per share. The Company further reported that its fourth quarter financial results were impacted by $134.9 million of charges associated with the "impairment of two credits" and that the Company had increased its loan loss provisions by $113 million.

27. In response to this announcement and subsequent analyst downgrades citing to the earnings report, the price of iStar stock declined from $22.85 per share on February 27, 2008, to $13.98 per share on March 6, 2008.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

28. Plaintiff repeats and realleges each and every allegation contained above.

29. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

30. The Registration Statement for the Secondary Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

31. iStar is the registrant for the Secondary Offering. The defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

32. As issuer of the common stock, iStar is strictly liable to plaintiff and the Class for the misstatements and omissions.

33. None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

34. By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

35. Plaintiff acquired iStar common stock pursuant to the Registration Statement.

36. Plaintiff and the Class have sustained damages. The value of iStar common stock has declined substantially subsequent to and due to defendants' violations.

### COUNT II

**Violations of Section 12(a)(2) of the Securities Act
Against All Defendants**

37. Plaintiff repeats and realleges each and every allegation contained above.

38. This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

39. Defendants were sellers and offerors and/or solicitors of purchasers of the common stock offered pursuant to the Prospectus.

40. The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein. Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus and participating in road shows to market the Secondary Offering to investors.

41. Defendants owed to the purchasers of iStar common stock, including plaintiff and other Class members, the duty to make a reasonable and diligent investigation of the statements contained in the Secondary Offering materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the Secondary Offering materials as set forth above.

42. Plaintiff and other members of the Class purchased or otherwise acquired iStar common stock pursuant to and/or traceable to the defective Prospectus. Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

43. Plaintiff, individually and representatively, hereby offers to tender to defendants those securities which plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon. Class members who have sold their iStar common stock are entitled to rescissory damages.

44. By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, Section 12(a)(2) of the Securities Act. Accordingly, plaintiff and members of the Class who hold iStar common stock purchased in the Secondary Offering have the right to rescind and recover the consideration paid for their iStar common stock and hereby elect to rescind and tender their iStar common stock to the defendants sued herein. Plaintiff and Class members who have sold their iStar common stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against The Individual Defendants

45. Plaintiff repeats and realleges each and every allegation contained above.

46. This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

47. Each of the Individual Defendants was a control person of iStar by virtue of his/her position as a director and/or senior officer of the Company. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of iStar.

48. Each of the Individual Defendants was a culpable participant in the violation of Section 11 of the Securities Act alleged in Count I above, based on their having signed the Registration Statement and having otherwise participated in the process which allowed the Secondary Offering to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of itself and the Class, prays for judgment as follows:

  A.  declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

  B.  awarding plaintiff and other members of the Class damages together with interest thereon;

  C.  with respect to Count II, ordering that the Secondary Offering be rescinded;

  D.  awarding plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

  E.  awarding plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: April 14, 2008

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

_____
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)

Attorneys for Plaintiff

CERTIFICATION OF CITILINE HOLDINGS, INC.
IN SUPPORT OF CLASS ACTION COMPLAINT

Citiline Holdings, Inc. ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint prepared by counsel in the above-captioned case and has authorized the filing of a similar complaint or to otherwise add my name as a lead plaintiff in these proceedings.

2. Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the proposed Class Period, plaintiff executed the following transactions in the stock of iStar Financial, Inc. See Attachment A:

5. In the past three years plaintiff has served as a representative party on behalf of a class in an action filed under the federal securities laws entitled *Citiline Holdings, Inc. v. Printcafe Software, Inc.,et al.*, 03-cv-0959 (W.D.Pa. 2003).

6. Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of April, 2008.

_____
CITILINE HOLDINGS, INC.

## ATTACHMENT A

| Date | Action | Amount | Price |
|---|---|---|---|
| December 14, 2007 | Buy | 2,000 shares | $28.41 |
| December 19, 2007 | Sold | 1,000 shares | $28.205 |
| March 6, 2008 | Sold | 1,000 shares | $13.365 |