UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
CITILINE HOLDINGS, INC., Individually      :      Civil Action No. 1:08-cv-03612-RWS
and On Behalf of All Others Similarly Situated, :
                                           :      CLASS ACTION
                          Plaintiff,       :
                                           :
           vs.                             :
                                           :
ISTAR FINANCIAL INC., et al.,              :
                                           :
                          Defendants.      :
                                           :
—————————————————————— :
DENNIS CHRISTENSON, Individually and       :      Civil Action No. 1:08-cv-03879-RWS
On Behalf of All Others Similarly Situated, :
                                           :      CLASS ACTION
                          Plaintiff,       :
                                           :
           vs.                             :
                                           :
ISTAR FINANCIAL INC., et al.,              :
                                           :
                          Defendants.      :
—————————————————————— x

MEMORANDUM IN SUPPORT OF THE MOTION OF PLUMBERS LOCAL NO. 12 AND
CITILINE FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR
APPROVAL OF SELECTION OF LEAD COUNSEL

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ............................................................................1

II.  FACTUAL BACKGROUND ...............................................................................2

III.  ARGUMENT .......................................................................................................3

    A.  The Actions Should Be Consolidated For All Purposes ...........................3

    B.  Plumbers Local No. 12 and Citiline Should Be Appointed Lead Plaintiffs ...........4

        1.  The Procedure Required By The PSLRA ...................................4

        2.  Plumbers Local No. 12 and Citiline Satisfy the "Lead Plaintiff"
Requirements of the Securities Act...................................................5

            a.  Plumbers Local No. 12 and Citiline Have Complied With
the Securities Act And Should Be Appointed Lead
Plaintiffs ..................................................................................5

            b.  Plumbers Local No. 12 and Citiline Are Precisely the Type
of Lead Plaintiffs Congress Envisioned When It Passed the
PSLRA .....................................................................................5

            c.  Plumbers Local No. 12 and Citiline Have the Requisite
Financial Interest in the Relief Sought By the Class ......................6

            d.  Plumbers Local No. 12 and Citiline Otherwise Satisfy Rule
23..............................................................................................7

    C.  The Court Should Approve Plumbers Local No. 12 and Citiline's Choice
of Counsel ...................................................................................................9

IV.  CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

Page

## CASES

*Andrews v. Bechtel Power Corp.*,
    780 F.2d 124 (lst Cir. 1985) ............................................................................9

*Citiline Holdings, Inc. vs. iStar Financial Inc., et al.*,
    No. 1:08-cv-03612-RWS (S.D.N.Y.) ..............................................................2

*Ferrari v. Impath, Inc.*,
    No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 15, 2004) ................................................................................1

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ....................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ..........................................................................3

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 6, 1997) ..................................................................................7

*Modell v. Eliot Sav. Bank*,
    139 F.R.D. 17 (D. Mass. 1991) ......................................................................8

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*,
    637 F.2d 1014 (5th Cir. 1981) ........................................................................8

*Priest v. Zayre Corp.*,
    118 F.R.D. 552 (D. Mass. 1988) ....................................................................8

*Rossini v. Ogilvy & Mather*, Inc.,
    798 F.2d 590, 598 (2d Cir. 1986) ....................................................................7

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77z-1 .......................................................................................4, 5, 7, 9
    §77k .........................................................................................................1
    §77l ..........................................................................................................1
    §77o..........................................................................................................1

**Page**

**RULES**

Federal Rules of Civil Procedure
     Rule 23 ........................................................................................ *passim*
     Rule 42(a) ........................................................................................3

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are two-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired iStar Financial Inc. ("iStar Financial" or the "Company") common stock pursuant and/or traceable to the Company's secondary public offering on or about December 13, 2007 (the "Secondary Offering") and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Institutional Investor Plumbers' Union Local No. 12 Pension Fund ("Plumbers Local No. 12") and class member Citiline Holdings, Inc. ("Citiline") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint Plumbers Local No. 12 and Citiline as Lead Plaintiffs in the Actions under Section 27 of the Securities Act; and (iii) approve Plumbers Local No. 12 and Citiline's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Abraham Fruchter & Twersky LLP ("Abraham Fruchter") to serve as Lead Counsel.

This motion is made on the grounds that Plumbers Local No. 12 and Citiline are the most adequate plaintiffs, as defined by the PSLRA.  Plumbers Local No. 12 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as an institutional investor, Plumbers Local No. 12 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class. In addition, investors with large amounts at stake, such as Citiline Holdings, Inc., are highly motivated to vigorously represent the interests of the plaintiff class.

As evidenced by the attached certifications, Plumbers Local No. 12 and Citiline have suffered a substantial loss of $27,145.97 in connection with their purchases of iStar Financial common stock during the Class Period. *See* Alba Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Plumbers Local No. 12 and Citiline, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

iStar Financial operates as a finance company focusing on the commercial real estate industry.

The complaint charges iStar Financial and certain of its officers and directors with violations of the Securities Act. According to the complaint, on or about October 9, 2007, iStar Financial filed a Form S-3 Shelf Registration Statement with the Securities and Exchange Commission. On or about December 13, 2007, iStar Financial filed a Prospectus Supplement to the Shelf Registration Statement (the "Registration Statement") with respect to the Secondary Offering, which forms part of the Registration Statement, and more than 8 million shares of iStar Financial common stock were sold to the public at $28.41 per share, thereby raising more than $227 million.

---

[1]    References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated June 13, 2008 and submitted herewith.

[2]    These facts are drawn from the allegations in the complaint captioned *Citiline Holdings, Inc. vs. iStar Financial Inc., et al.*, Civil Action No. 1:08-cv-03612-RWS (the "*Citiline* Action").

The complaint alleges that the Registration Statement negligently failed to disclose that the Company was then being negatively impacted by the adverse conditions in the credit markets and was failing to recognize more than $200 million of losses on its corporate loan and debt portfolio.

On February 28, 2008, iStar Financial issued a press release announcing its financial results for the fourth quarter of 2007 and fiscal year 2007, the period ending December 31, 2007. For the fourth quarter, the Company reported a loss of ($78.7 million) or ($0.62) per share. The Company further reported that its fourth quarter financial results were impacted by $134.9 million of charges associated with the "impairment of two credits" and that the Company had increased its loan loss provisions by $113 million. In response to this announcement and subsequent analyst downgrades, the price of iStar Financial stock declined from $22.85 per share on February 27, 2008, to $13.98 per share on March 6, 2008.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of iStar Financial common stock for alleged violations of the Securities Act during the relevant time period.  The Actions name the same defendants and involve the same factual and legal issues.  They are each brought by investors who purchased iStar Financial common stock during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of iStar Financial common stock at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42(a).  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

- 3 -

B.    **Plumbers Local No. 12 and Citiline Should Be Appointed Lead Plaintiffs**

1.    **The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the *Citiline* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business oriented newswire service, on April 14, 2008. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 4 -

15 U.S.C. §77z-1(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D.

Mass. 1996).

>    **2.    Plumbers Local No. 12 and Citiline Satisfy the "Lead Plaintiff"
>          Requirements of the Securities Act**
>
>    **a.    Plumbers Local No. 12 and Citiline Have Complied
>          With the Securities Act And Should Be Appointed Lead
>          Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein

under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on June 13, 2008.  Pursuant to the provisions of the

PSLRA and within the requisite time frame after publication of the required notice (published on

April 14, 2008), Plumbers Local No. 12 and Citiline timely move this Court to be appointed Lead

Plaintiffs on behalf of all members of the class.

Plumbers Local No. 12 and Citiline have duly signed and filed certifications stating that they

are willing to serve as representative parties on behalf of the class.  *See* Alba Decl. Ex. C.  In

addition, Plumbers Local No. 12 and Citiline have selected and retained competent counsel to

represent them and the class. *See* Alba Decl. Exs. D-E.  Accordingly, Plumbers Local No. 12 and

Citiline have satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and are entitled to

have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel

as set forth herein, considered and approved by the Court.

>    **b.    Plumbers Local No. 12 and Citiline Are Precisely the
>          Type of Lead Plaintiffs Congress Envisioned When It
>          Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large,

organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Plumbers Local No. 12 and Citiline, as an institutional investor and a class member with large amounts of money at stake, respectively, are precisely the type of lead plaintiffs Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that the combination of institutional investors and significant individual investors "[a]llow[s] for diverse representation," and "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants.").

c.     **Plumbers Local No. 12 and Citiline Have the Requisite Financial Interest in the Relief Sought By the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Alba Decl. Ex. C., Plumbers Local No. 12 and Citiline purchased iStar Financial common stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby.  In addition, Plumbers Local No. 12 and Citiline incurred a substantial loss of $27,145.97 on their transactions in iStar Financial common stock.  Plumbers Local No. 12 and Citiline thus have a significant financial interest in this case.  Therefore, Plumbers

Local No. 12 and Citiline satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B).

**d.**      **Plumbers Local No. 12 and Citiline Otherwise Satisfy Rule 23**

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). Plumbers Local No. 12 and Citiline satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather*, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no

- 7 -

factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Plumbers Local No. 12 and Citiline satisfy this requirement because, just like all other class members, they: (1) purchased iStar Financial common stock pursuant to the Registration Statement; (2) purchased iStar Financial common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Plumbers Local No. 12 and Citiline's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Plumbers Local No. 12 and Citiline to represent the class to the existence of any conflicts between the interests of Plumbers Local No. 12 and Citiline and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell*

- 8 -

*v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Plumbers Local No. 12 and Citiline are adequate representatives of the class. As evidenced by the injuries suffered by Plumbers Local No. 12 and Citiline, who purchased iStar Financial common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Plumbers Local No. 12 and Citiline are clearly aligned with the members of the class, and there is no evidence of any antagonism between Plumbers Local No. 12 and Citiline's interests and those of the other members of the class. Further, Plumbers Local No. 12 and Citiline have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Plumbers Local No. 12 and Citiline's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Plumbers Local No. 12 and Citiline *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

      C.    **The Court Should Approve Plumbers Local No. 12 and Citiline's Choice of Counsel**

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Plumbers Local No. 12 and Citiline have selected the law firms of Coughlin Stoia and Abraham Fruchter as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl. Exs. D-E. Accordingly, the Court should approve Plumbers Local No. 12 and Citiline's selection of counsel.

## IV.     CONCLUSION

For all the foregoing reasons, Plumbers Local No. 12 and Citiline respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Plumbers Local No. 12 and Citiline as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  June 13, 2008                                    COUGHLIN STOIA GELLER
                                                                            RUDMAN & ROBBINS LLP
                                                                        SAMUEL H. RUDMAN
                                                                        DAVID A. ROSENFELD
                                                                        MARIO ALBA JR.


                                                                                /s/ *Mario Alba Jr.*
                                                                        MARIO ALBA JR.

                                                                        58 South Service Road, Suite 200
                                                                        Melville, NY 11747
                                                                        Telephone:  631/367-7100
                                                                        631/367-1173 (fax)

                                                                        COUGHLIN STOIA GELLER
                                                                            RUDMAN & ROBBINS LLP
                                                                        RAMZI ABADOU
                                                                        655 West Broadway, Suite 1900
                                                                        San Diego, CA  92101
                                                                        Telephone:  619/231-1058
                                                                        619/231-7423 (fax)

                                                                        ABRAHAM FRUCHTER & TWERSKY LLP
                                                                        JACK G. FRUCHTER
                                                                        One Pennsylvania Plaza, Suite 2805
                                                                        New York, NY  10119
                                                                        Telephone:  212/279-5050
                                                                        212/279-3655 (fax)

                                                                        [Proposed] Co-Lead Counsel for Plaintiffs

I:\Istar\LP Motion\LP Memo.doc

- 10 -

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on June 13, 2008, I caused a true and correct copy of the attached:

Notice Of Motion For Consolidation, Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel;

Memorandum In Support Of The Motion Of Plumbers Local No. 12 And Citiline For Consolidation, Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel; and

Declaration Of Mario Alba Jr. In Support Of The Motion Of Plumbers Local No. 12 And Citiline For Consolidation, Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel on the attached service list.


　　　　　　　　　　　　　　　　　　　　　　/s/ *Mario Alba Jr.*
　　　　　　　　　　　　　　　　　　　　　　Mario Alba Jr.

iSTAR FINANCIAL

Service List - 6/13/2008    (08-0083)

Page 1 of 1

## Counsel For Defendant(s)

Matthew D. Parrott
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
  212/940-8800
  212/940-8776 (Fax)

David H. Kistenbroker
Katten, Muchin Rosenman LLP
525 W. Monroe Street, Suite 1600
Chicago, IL 60661-3693
  312/902-5200
  312/902-1061 (Fax)

## Counsel For Plaintiff(s)

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
  212/279-5050
  212/279-3655 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY 11501
  516/741-4977
  516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
  631/367-7100
  631/367-1173 (Fax)

Ramzi Abadou
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
  619/231-1058
  619/231-7423 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
  610/667-7706
  610/667-7056 (Fax)