UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————x
CITILINE HOLDINGS, INC., Individually          :
and On Behalf of All Others Similarly Situated, :      Civil Action No. 1:08-cv-03612 (RJS)
                                               :      (**Consolidated**)
                                               :
                                               :
                                               :      ECF CASE
                                               :
                       Plaintiff,              :
          vs.                                  :      <u>CLASS ACTION</u>
                                               :
 ISTAR FINANCIAL INC., et al.,                 :
                                               :
                       Defendants.             :
—————————————————————x

**ANSWER OF DEFENDANT BANC OF AMERICA SECURITIES LLC
<u>TO THE CONSOLIDATED CLASS ACTION AMENDED COMPLAINT</u>**

   Defendant Banc of America Securities LLC ("BAS") through its undersigned

counsel, for its Answer to the Consolidated Amended Class Action Complaint dated February 2,

2009 (the "Complaint"), responds as follows to the allegations of the Complaint, and avers

generally that the responses contained herein are with respect to the allegations of the Complaint

directed to BAS only, as BAS is not in a position to respond to allegations set forth against any

other defendant:

   1.  Denies the allegations contained in paragraph 1 of the Complaint, except

admits that this action purports to be a federal securities class action on behalf of a class of all

persons other than Defendants who purchased the common stock of iStar Financial Inc. ("iStar")

between December 6, 2007 and March 6, 2008 (the "Class Period").

   2.  Denies the allegations contained in paragraph 2 of the Complaint, except

admits that the Plaintiffs purport to bring this action pursuant to 15 U.S.C. §§ 77k, 77l(a)(2), and

77(o) and 15 U.S.C. §§ 78j(b) and 78t(a) and 17 C.F.R. §240.10b-5 promulgated thereunder.

3.      Avers that, because the allegations contained in paragraph 3 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS admits the allegations contained in paragraph 3 of the Complaint.

4.      Avers that, because the allegations contained in paragraph 4 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, except admits that venue in this District is appropriate and that iStar maintains executive offices in this District.

5.      Avers that, because the allegations contained in paragraph 5 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 5 of the Complaint.

6.      Avers that, because the allegations contained in paragraph 6 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 6 of the Complaint.

7.      Admits the allegations contained in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 8 of the Complaint, except admits that Jay Sugarman was Chairman of iStar's of the Board of Directors, Chief Executive Officer and Investment Committee member at some time, and refers to the Registration Statement for a true and complete statement of its contents.

9.      Denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 9 of the Complaint, except admits that Nicholas A. Radesca was iStar's Chief Accounting Officer at some time, and refers to the Registration Statement for a true and complete statement of its contents.

10.      Denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 10 of the Complaint, except admits that Catherine D. Rice was iStar's Chief Financial Officer at some time, and refers to the Registration Statement for a true and complete statement of its contents.

11.      Denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 11 of the Complaint, except admits that Timothy J. O'Connor was iStar's Chief Operating Officer and Executive Vice President at some time, and refers to the Registration Statement for a true and complete statement of its contents.

12.      The statements contained in paragraph 12 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, BAS states that no response is required.

13.      Denies the allegations contained in paragraph 13 of the Complaint, except admits the Complaint refers to defendants Citigroup Global Markets Inc., J.P. Morgan Securities Inc., Wachovia Capital Markets, LLC, BAS, Deutsche Bank Securities Inc., and UBS Securities LLC, collectively as the "Underwriter Defendants," that the Underwriter Defendants are investment banks, and they are some, but not all, of the investment banks that purchased from iStar 8 million shares of iStar's common stock in December 2007 (the "Secondary Offering") on the terms described in iStar's public filing with the Securities Exchange Commission ("SEC") pursuant to Rule 424 (b)(3) and the underwriting agreement dated December 13, 2007 between

iStar and all the underwriters of the Secondary Offering.  BAS denies the remaining allegations in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except admits that this action purports to be a federal securities class action on behalf of the putative class of persons purportedly defined in paragraph 14 of the Complaint.

15.     Avers that, because the allegations contained in paragraph 15 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 15 of the Complaint, except admits that iStar sold 8 million common shares in the Secondary Offering.

16.     Denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiffs' intentions contained in paragraph 16 of the Complaint.  Denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Avers that, because the allegations contained in paragraph 17 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 17 of the Complaint.

18.     Avers that, because the allegations contained in paragraph 18 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 18 of the Complaint.

19.     Avers that, because the allegations contained in paragraph 19 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a

response is deemed required, BAS denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, except admits that iStar describes itself as a publicly-traded finance company focused on the commercial real estate industry.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, except admits that iStar's primary lines of business include lending and corporate tenant leasing.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, except admits that in 2007, conditions in the U.S. mortgage market were worse than in previous years.  BAS refers the Court to public information about the U.S. mortgage market and interest rates in 2006 and 2007.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and avers that because the allegations contained in paragraph 23 of the Complaint are not directed to BAS, no responsive pleading is required.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, except admits that iStar acquired a commercial real estate loan portfolio and commercial real estate lending business from Freemont Investment & Loan ("Freemont") in 2007.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, except admits that iStar acquired commercial first mortgage loans from Freemont.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, except admits that approximately 130 employees of Freemont joined iStar upon the closing of the transaction.

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, except admits that iStar paid Freemont approximately $1.9 billion in cash as consideration for the acquisition.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Avers that, because the allegations contained in paragraph 29 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 29 of the Complaint, except admits that iStar held its Investors Day Conference on December 6, 2007 (the "Investor Conference"), and refers the Court to the transcript of that conference for its true and complete terms.

30.     Avers that, because the allegations contained in paragraph 30 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 30 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

31.     Avers that, because the allegations contained in paragraph 31 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed

required, BAS denies the allegations contained in paragraph 31 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

32.    Avers that, because the allegations contained in paragraph 32 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 32 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

33.    Avers that, because the allegations contained in paragraph 33 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

34.    Avers that, because the allegations contained in paragraph 34 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

35.    Avers that, because the allegations contained in paragraph 35  are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

36.    Avers that, because the allegations contained in paragraph 36 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed

required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

37.    Avers that, because the allegations contained in paragraph 37 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint, and refers the Court to the transcript of the Investor Conference for its true and complete terms.

38.    Avers that, because the allegations contained in paragraph 38 are not directed to BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 38 of the Complaint, and refers the Court to public records of analyst reports concerning iStar.

39.    Denies the allegations contained in paragraph 39 of the Complaint, except admits that the Secondary Offering was considered to be a "shelf registration" and that iStar filed the Registration Statement with the SEC, and refers the Court to the Registration Statement for the date it was declared effective by the SEC and for a true and complete statement of its contents.

40.    Admits the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint, except admits that iStar filed the original and amended Prospectus Supplements with the SEC,  admits that at least eight million shares of iStar common stock were sold, and refers the Court to the Registration Statement for the date it was declared effective by the SEC and for a true and complete statement of its contents.

42.     Denies the allegations contained in paragraph 42 of the Complaint, except admits that the proceeds iStar received from the Secondary Offering were approximately $218 million, and refers the Court to the Prospectus Supplement for a true and complete statement of its contents.

43.     Avers that, because paragraph 43 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 43 of the Complaint, and refers the Court to the Registration Statement, the Prospectus, and the Prospectus Supplements for a true and complete statement of their contents.

44.     Avers that, because paragraph 44 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 44 of the Complaint, and refers the Court to the instructions for Form S-3 for their true and complete terms.

45.     Avers that, because paragraph 45 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 45 of the Complaint, and refers the Court to Item 303(a) of Regulation S-K for its true and complete terms.

46.     Avers that, because paragraph 46 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 46 of the Complaint, and refers the Court to the Registration Statement, and iStar's SEC filings for their true and complete terms.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Admits the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint, except admits that paragraph 49 quotes a portion of iStar's Form 10-Q for the third quarter of 2007, and refers the Court to iStar's filed Form 10-Q for the third quarter of 2007 for its true and complete terms.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, and refers the Court to the public pricing records for the price of the debt securities of Linens 'n Things ("LNT") and WCI Communities ("WCI").

52.     Denies the allegations contained in paragraph 52 that relate to BAS.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52.

53.     Denies the allegations contained in paragraph 53 that relate to BAS, except admits that there were news articles and/or other public information related to WCI and LNT, and refers the Court to that information for its true and complete terms.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53.

54.     Denies the allegations contained in paragraph 54 that relate to BAS.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54.

55.    Denies the allegations contained in paragraph 55 of the Complaint, except admits that on February 28, 2008, iStar announced its financial results for the fourth quarter and fiscal year 2007, and refers the Court to the press release announcing iStar's financial results for the fourth quarter of 2007 and fiscal year 2007 for its true and complete terms.

56.    Denies that BAS made any admission regarding the impairment charges iStar recorded, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 56 of the Complaint, and refers the Court to the press release announcing iStar's financial results for the fourth quarter of 2007 and fiscal year 2007 for its true and complete terms.

57.    Denies the allegations contained in paragraph 57 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents.

58.    Denies the allegations contained in paragraph 58 of the Complaint, except admits that overall economic and financial conditions deteriorated during the fourth quarter of 2007, and refers the Court to public information about economic and financial conditions during 2007.

59.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59, and refers the Court to iStar's public filings for their true and complete terms.

60.    Denies the allegations contained in paragraph 60 that relate to BAS, and refers the Court to the transcript of the Investor Conference for its true and complete terms.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60.

61.     Denies the allegations contained in paragraph 61 that relate to BAS. With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61.

62.     Denies the allegations contained in paragraph 62 of the Complaint, except admits that on February 28, 2008, iStar announced its financial results for the fourth quarter and fiscal year 2007, and refers the Court to the press release announcing iStar's financial results for the fourth quarter of 2007 and fiscal year 2007 for its true and complete terms.

63.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63, and refers the Court to the press release announcing iStar's financial results for the fourth quarter of 2007 and fiscal year 2007 for its true and complete terms.

64.     Denies the allegations contained in paragraph 64 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents.

65.     Denies the allegations contained in paragraph 65 of the Complaint, except admits that paragraph 65 quotes portions of iStar's Third Quarter 10-Q, and refers the Court to the Third Quarter 10-Q for its true and complete terms.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 that relate to BAS, and refers the Court to the transcript of the Investor Conference for its true and complete terms. With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67.

68.     Avers that, because paragraph 68 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 68 of the Complaint, and refers the Court to Form S-3 for its true and complete terms.

69.     Denies the allegations contained in paragraph 69 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents and to public records regarding the U.S. financial markets in 2006 and 2007.

70.     Denies the allegations contained in paragraph 70 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents.

71.     Admits the allegations contained in paragraph 71 of the Complaint, except denies that these SEC filings were the only documents incorporated by reference, and refers the Court to iStar's SEC filings for a true and complete statement of their contents.

72.     Denies the allegations contained in paragraph 72 of the Complaint, and refers the Court to the Third Quarter 10-Q, the Generally Accepted Accounting Principles ("GAAP"), and Regulation S-X for their respective true and complete terms.

73.     Denies the allegations contained in paragraph 73 of the Complaint, and refers the Court to GAAP's Emerging Issues Task Force ("EITF") Topic D-86 for its true and complete terms.

74.     Denies the allegations contained in paragraph 74 of the Complaint, and refers the Court to GAAP's EITF Topic D-86 and the American Institute of Certified Public Accountant's Statement on Auditing Standards ("SAS") No. 1 for their respective true and complete terms.

75.    Denies the allegations contained in paragraph 75 of the Complaint, and refers the Court to the Third Quarter 10-Q for its true and complete terms.

76.    Denies the allegations contained in paragraph 76 of the Complaint, and refers the Court to Article 10 of Regulation S-X for its true and complete terms.

77.    Avers that, because the allegations contained in paragraph 77 are not directed at BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 77 of the Complaint.

78.    Denies the allegations contained in paragraph 78 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents and to public pricing records for iStar's loan portfolio value during 2007.

79.    Avers that, because the allegations contained in paragraph 79 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 79 of the Complaint, and refers the Court to the Registration Statement and Prospectus for a true and complete statement of their contents.

80.     Avers that, because the allegations contained in paragraph 80 are not directed at BAS, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 80 of the Complaint.

81.    Denies the allegations contained in paragraph 81 of the Complaint, and refers the Court to the Registration Statement and to GAAP provisions Statement of Financial Accounting Standard No. 5, Statement of Position No. 94-6, and Statement of Concepts No. 1, ¶¶ 34, 40, 42, 50 and No. 2 ¶¶ 79, 95 and 97 for their respective true and complete terms.

82.     Denies the allegations contained in paragraph 82 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint, except admits that on February 28, 2008, iStar issued a press release announcing its financial results for the fourth quarter of 2007 and full year 2007, and refers the Court to the press release for its true and complete terms.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint, except admits that on February 28, 2008, iStar held a conference call with securities analysts, and refers the Court to the transcript of that conference call for its true and complete terms.

85.     Denies the allegations contained in paragraph 85 of the Complaint, and refers the Court to public trading records for a true and complete record of prices of iStar's common stock.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint, and refers the Court to public trading records for a true and complete record of prices of iStar's common stock, and to public records of analyst reports concerning iStar.

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint, except admits that on March 5, 2008, Citibank issued a report on iStar, and refers the Court to that report for its true and complete terms.

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint, except admits that on March 6, 2008, iStar announced that Defendant Radesca resigned from the position as CAO of iStar on February 29, 2008, and refers the Court to the Form 8-K iStar filed with the SEC on March 6, 2008 for its true and complete terms.

89.     Denies that BAS made any "admissions regarding the impairment charges and increase in loan loss reserves," denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 89 of the Complaint, and refers the Court to public trading records for a true and complete record of prices of iStar's common stock.

90.     Denies the allegations contained in paragraph 90 of the Complaint, and refers the Court to iStar's Form 10-K for the year ended December 31, 2007 for its true and complete terms.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

91.     Repeats each and every response previously stated in paragraphs 1 through 90 above as if fully set forth fully therein.

92.     Avers that, because the allegations contained in paragraph 92 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 92 of the Complaint, except admits that Plaintiffs purport to bring this count pursuant to Section 11 of the Securities Act.

-16-

93.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint.

94.    Denies the allegations contained in paragraph 94 of the Complaint, and refers the Court to the Registration Statement for a true and complete statement of its contents.

95.    Avers that, because the allegations contained in paragraph 95 purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, BAS denies the allegations contained in paragraph 95 of the Complaint, except admits iStar was the registrant for the Secondary Offering.

96.    Avers that, because the allegations contained in paragraph 96 are not directed to BAS, no responsive pleading is required.

97.    Avers that, because the allegations contained in paragraph 97 purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, BAS denies the allegations contained in paragraph 97 of the Complaint that relate to BAS, except admits that BAS served as an underwriter with respect to the Secondary Offering, and refers the Court to the Underwriting Agreement for a true and complete description of the underwriting arrangements. With respect to the other Underwriter Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint.

98.    Avers that, because the allegations contained in paragraph 98 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent that a response is deemed required, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 98 of the Complaint and denies the remaining allegations contained in paragraph 98 of the Complaint.

-17-

99.     Avers that, because the allegations contained in paragraph 99 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent that a response is deemed required, BAS denies the allegations contained in paragraph 99 of the Complaint.  With respect to the other Underwriter Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint.

100.     Avers that, because the allegations contained in paragraph 100 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent that a response is deemed required, BAS denies the allegations contained in paragraph 100 of the Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

101.     Repeats each and every response previously stated in paragraphs 1 through 100 above as if fully set forth fully therein.

102.     Avers that, because the allegations contained in paragraph 102 of the Complaint purport to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 102 of the Complaint, except admits that Plaintiffs purport to bring this count pursuant to Section 12 of the Securities Act.

103.     Denies the allegations contained in paragraph 103 of the Complaint that relate to BAS, except admits that BAS served as an underwriter with respect to the Secondary Offering, and refers the Court to the Underwriting Agreement for a true and complete description of the underwriting arrangements, and to the Registration Statement for a true and complete

statement of its contents.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint.

104.    Denies the allegations contained in the first sentence of paragraph 104 of the Complaint.  With respect to the remaining allegations in paragraph 104 of the Complaint, BAS avers that because the remaining allegations are not directed to BAS, no responsive pleading is required.

105.    Denies the allegations contained in paragraph 105 of the Complaint that relate to BAS.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint, except admits that BAS purchased iStar common stock and refers the Court to the Underwriting Agreement issued in connection with the Secondary Offering for a true and complete description of the underwriting arrangements.  With respect to the other Underwriter Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint, except admits that BAS served as an underwriter with respect to the Secondary Offering, and refers the Court to the Underwriting Agreement for a true and complete description of the underwriting arrangements, including compensation to be paid to the underwriters.  With respect to the other Underwriter Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint, and refers the Court to the Prospectus and Prospectus Supplements for a true and complete statement of their contents.

109.    Denies that there were any untruths or omissions contained in the Prospectus or Prospectus Supplements, and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 109 of the Complaint relating to Plaintiffs' and the other Class members' knowledge.

110.    Avers that, because paragraph 110 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 110 of the Complaint that relate to BAS.  With respect to the other Underwriter Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Complaint.

111.    Avers that, because paragraph 111 purports to state a legal conclusion, no responsive pleading is required.  To the extent a response is deemed required, BAS denies the allegations contained in paragraph 111 that relate to BAS.  With respect to the other Defendants, BAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

112.    Repeats each and every response previously stated in paragraphs 1 through 111 above as if fully set forth fully therein.

113.     Avers that, because the allegations contained in paragraph 113 are not directed to BAS, no responsive pleading is required.

114.     Avers that, because the allegations contained in paragraph 114 are not directed to BAS, no responsive pleading is required.

115.     Avers that, because the allegations contained in paragraph 115 are not directed to BAS, no responsive pleading is required.

**Exchange Act Count Allegations**

116.     The statements contained in paragraph 116 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, BAS states that no response is required.

117.     Avers that, because the allegations contained in paragraph 117 are not directed to BAS, no responsive pleading is required.

118.     Avers that, because the allegations contained in paragraph 118 are not directed to BAS, no responsive pleading is required.

119.     Avers that, because the allegations contained in paragraph 119 are not directed to BAS, no responsive pleading is required.

120.     Avers that, because the allegations contained in paragraph 120 are not directed to BAS, no responsive pleading is required.

121.     Avers that, because the allegations contained in paragraph 121 are not directed to BAS, no responsive pleading is required.

122.     Avers that, because the allegations contained in paragraph 122 are not directed to BAS, no responsive pleading is required.

123.    Avers that, because the allegations contained in paragraph 123 are not directed to BAS, no responsive pleading is required.

124.    Avers that, because the allegations contained in paragraph 124 are not directed to BAS, no responsive pleading is required.

125.    Avers that, because the allegations contained in paragraph 125 are not directed to BAS, no responsive pleading is required.

126.    Avers that, because the allegations contained in paragraph 126 are not directed to BAS, no responsive pleading is required.

127.    Avers that, because the allegations contained in paragraph 127 are not directed to BAS, no responsive pleading is required.

128.    Avers that, because the allegations contained in paragraph 128 are not directed to BAS, no responsive pleading is required.

129.    Avers that, because the allegations contained in paragraph 129 are not directed to BAS, no responsive pleading is required.

130.    Avers that, because the allegations contained in paragraph 130 are not directed to BAS, no responsive pleading is required.

131.    Avers that, because the allegations contained in paragraph 131 are not directed to BAS, no responsive pleading is required.

132.    Avers that, because the allegations contained in paragraph 132 are not directed to BAS, no responsive pleading is required.

### Additional Scienter Allegations

133.    Avers that, because the allegations contained in paragraph 133 are not directed to BAS, no responsive pleading is required.

-22-

134.    Avers that, because the allegations contained in paragraph 134 are not directed to BAS, no responsive pleading is required.

135.    Avers that, because the allegations contained in paragraph 135 are not directed to BAS, no responsive pleading is required.

136.    Avers that, because the allegations contained in paragraph 136 are not directed to BAS, no responsive pleading is required.

137.    Avers that, because the allegations contained in paragraph 137 are not directed to BAS, no responsive pleading is required.

138.    Avers that, because the allegations contained in paragraph 138 are not directed to BAS, no responsive pleading is required.

139.    Avers that, because the allegations contained in paragraph 139 are not directed to BAS, no responsive pleading is required.

140.    Avers that, because the allegations contained in paragraph 140 are not directed to BAS, no responsive pleading is required.

141.    Avers that, because the allegations contained in paragraph 141 are not directed to BAS, no responsive pleading is required.

142.    Avers that, because the allegations contained in paragraph 142 are not directed to BAS, no responsive pleading is required.

143.    Avers that, because the allegations contained in paragraph 143 are not directed to BAS, no responsive pleading is required.

**Loss Causation/Economic Loss**

144.    Avers that, because the allegations contained in paragraph 144. are not directed to BAS, no responsive pleading is required.

-23-

145.    Avers that, because the allegations contained in paragraph 145 are not directed to BAS, no responsive pleading is required.

146.    Avers that, because the allegations contained in paragraph 146 are not directed to BAS, no responsive pleading is required.

147.    Avers that, because the allegations contained in paragraph 147 are not directed to BAS, no responsive pleading is required.

148.    Avers that, because the allegations contained in paragraph 148 are not directed to BAS, no responsive pleading is required.

149.    Avers that, because the allegations contained in paragraph 149 are not directed to BAS, no responsive pleading is required.

**Applicability of Presumption of Reliance:**
**Fraud on the Market Doctrine**

150.    Avers that, because the allegations contained in paragraph 150 are not directed to BAS, no responsive pleading is required.

151.    Avers that, because the allegations contained in paragraph 151 are not directed to BAS, no responsive pleading is required.

**No Safe Harbor**

152.    Avers that, because the allegations contained in paragraph 152 are not directed to BAS, no responsive pleading is required.

153.    Avers that, because the allegations contained in paragraph 152 are not directed to BAS, no responsive pleading is required.

**COUNT IV**

**Violation of Section 10(b) of the Exchange**
**Act and Rule 10b-5 Promulgated Thereunder**
**Against Defendants iStar, Sugarman, Rice and O'Conner**

154.    Repeats each and every response previously stated in paragraphs 1 through 153 above as if fully set forth fully therein.

155.    The statements contained in paragraph 155 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, BAS states that no response is required.

156.    Avers that, because the allegations contained in paragraph 156 are not directed to BAS, no responsive pleading is required.

157.    Avers that, because the allegations contained in paragraph 157 are not directed to BAS, no responsive pleading is required.

158.    Avers that, because the allegations contained in paragraph 158 are not directed to BAS, no responsive pleading is required.

159.    Avers that, because the allegations contained in paragraph 159 are not directed to BAS, no responsive pleading is required.

## COUNT V

### Violation of Section 20(a) of the Exchange
### Against Defendants Sugarman, Rice and O'Conner

160.    The statements contained in paragraph 160 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, BAS states that no response is required.

161.    The statements contained in paragraph 161 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, BAS states that no response is required.

162.    Avers that, because the allegations contained in paragraph 162 are not directed to BAS, no responsive pleading is required.

\*            \*            \*

To the extent that the Complaint sets forth any allegations to which BAS has not responded above, those allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against BAS upon which relief may be granted.

### SECOND DEFENSE

The claims asserted in the Complaint against BAS are barred, in whole or in part, because of lack of standing.

### THIRD DEFENSE

The claims asserted in the Complaint against BAS are barred because there were no misstatements or omissions of material facts.

### FOURTH DEFENSE

The claims asserted in the Complaint against BAS are barred because BAS did not make misstatements or omissions of material fact.

### FIFTH DEFENSE

The claims asserted in the Complaint against BAS are barred because all material information was disclosed in iStar's public filings, Registration Statement, Prospectus, Prospectus Supplements and other public releases, or was otherwise publicly available or widely known to the market and the investing community.

## SIXTH DEFENSE

The claims asserted in the Complaint against BAS are barred because the alleged misrepresentations or omissions on which plaintiff bases such claims were not material.

## SEVENTH DEFENSE

The claims asserted in the Complaint against BAS are barred by the bespeaks caution doctrine.

## EIGHTH DEFENSE

iStar's public filings contained meaningful cautionary statements that preclude plaintiffs from prevailing on their claims against BAS.

## NINTH DEFENSE

The claims asserted in the Complaint against BAS are barred because BAS, after reasonable investigation, had reasonable ground to believe and did believe at the time the Registration Statement became effective that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TENTH DEFENSE

The claims asserted in the Complaint against BAS are barred because if any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which BAS denies, BAS did not know, and in the exercise of reasonable care could not have known, of such untruth or omission.

## ELEVENTH DEFENSE

The claims asserted in the Complaint against BAS are barred because, with respect to the parts of the Registration Statement purporting to be made on the authority of an expert, BAS had

no reasonable ground to believe, and did not believe, at the time the Registration Statement became effective that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements did not fairly represent the statement of the expert.

TWELFTH DEFENSE

Plaintiffs' damages, if any, resulted from the acts or omissions of plaintiff itself or others and not from any acts or omissions by BAS.

THIRTEENTH DEFENSE

The claims asserted in the Complaint against BAS are barred because plaintiffs failed to use reasonable care to prevent or diminish any alleged damages.

FOURTEENTH DEFENSE

BAS does not know sufficient facts regarding the conduct of plaintiffs to assert defenses based upon ratification, unclean hands, estoppel, laches, waiver, or the like.  Upon discovery of facts establishing the existence of such defenses, BAS will seek to amend this Answer for the purpose of alleging any such defenses.

FIFTEENTH DEFENSE

The claims asserted in the Complaint against BAS are barred because plaintiffs failed to exercise reasonable care in their decision to purchase iStar's common stock.

SIXTEENTH DEFENSE

The claims asserted in the Complaint against BAS are barred because plaintiffs assumed the risk of losses on securities transactions at issue in this action.

## SEVENTEENTH DEFENSE

The claims asserted in the Complaint are barred because the claimed damages do not represent the depreciation in value of iStar's stock resulting from any portion of the registration statement that may be proven to be untrue or omitting a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTEENTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which BAS denies, and if the named plaintiffs or any members of the putative classes were aware of that statement or omission, then such plaintiffs cannot prevail on their claims against BAS.

## NINETEENTH DEFENSE

BAS hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent BAS may share in such defense.

## TWENTIETH DEFENSE

Plaintiffs are not entitled to their costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees and other costs and disbursements.

## TWENTY-FIRST DEFENSE

BAS reserves the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

WHEREFORE, BAS seeks judgment:

A.    dismissing with prejudice all claims asserted against BAS;

B.     awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

C.    granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York               SIDLEY AUSTIN LLP
       May 14, 2010                     By:  /s/ A. Robert Pietrzak
                                             A. Robert Pietrzak
                                             rpietrzak@sidley.com
                                             Dorothy J. Spenner
                                             djspenner@sidley.com
                                             Vikeena K. Bonett
                                             vbonett@sidley.com
                                             787 Seventh Avenue
                                             New York, New York 10019
                                             Telephone: (212) 839-5300
                                             Facsimile:  (212) 839-5599

                                        *Attorneys for Defendant Banc of America Securities
                                        LLC*

-30-

## CERTIFICATE OF SERVICE

I, Dorothy J. Spenner, hereby certify that on the 14th day of May 2010, I caused the

foregoing Answer of Defendant Banc of America Securities LLC to the Consolidated Amended

Class Action Complaint to be served on the counsel listed below via the methods listed below.

Via the Court's ECF system and Via FedEx

David Avi Rosenfeld
Samuel Howard Rudman
Mario Alba, Jr.
Robbins Geller Rudman & Dowd LLP (LI)
58 South Service Road
Suite 200
Melville, NY 11747

Ramzi Abadou
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Gregory Campora
Robert M. Cheverie & Associates
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT 06108

Jack Gerald Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 2805
New York, NY 10119

D. Seamus Kaskela
Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

David M. Promisloff
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Evan J. Smith
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501

Matthew David Parrott
Katten Muchin Rosenman, LLP (NYC)
575 Madison Avenue
New York, NY 10022

David H. Kistenbroker
Pamela Smith
Katten Muchin Rosenman, LLP (Chicago)
525 West Monroe Street
Chicago, IL 60661


Dated: New York, New York          By:  /s/ Dorothy J. Spenner
       May 14, 2010                     Dorothy J. Spenner

-2-